Texas and Pacific Railway Company et al. v. A. A. Bailey.

Decided June 30, 1906.

**1.—Connecting Carriers—Delivery of Cattle—Charge.**

It being an issue on the trial as to which of two roads was liable for the delay of a shipment of cattle at the junction station, and at what time and place the connecting carrier assumed control of the cattle, it was error, because upon the weight of the evidence, for the court to charge the jury that it was the duty of the initial carrier to deliver said cattle to the connecting carrier at a certain one of two disputed points. The liability of the connecting carrier began whenever and wherever it assumed control of the shipment.

**2.—Injury—Presumption Against Last Carrier, When Applicable.**

The presumption that injury to a shipment of cattle occurred on the road of the last carrier does not obtain when the shipper accompanies the cattle.

Appeal from the County Court of Mitchell County. Tried below before Hon. W. B. Crockett.

*Ed. W. Smith,* for appellant T. & P. Ry. Co.

*T. S. Miller* and *Whitaker & Gibbs,* for appellant M. K. & T. Ry. Co. of Texas.

SPEER, Associate Justice.—A. A. Bailey sued the Texas & Pacific Railway Company, the Missouri, Kansas & Texas Railway Company of Texas and the Missouri, Kansas & Texas Railway Company for damages to two shipments of cattle from Colorado, Texas; the first shipment, being of cows and bulls, was made to National Stock Yards, Illinois, and the second, being two cars of calves, was made to Kansas City. Plaintiff recovered judgment against the Texas and Pacific Railway Company for $100 with 6 percent interest from December 16, 1904, the date of the sale of the calves in market, and against the Missouri, Kansas & Texas Railway Company of Texas for $125 at 6 percent interest from the same date, and against the Missouri, Kansas & Texas Railway Company for $125 at 6 percent interest from November 2, 1904. All of the defendants have appealed.

Amongst other things there was an issue on the trial as to which road was liable for a delay after the cattle reached Fort Worth, and prior to the time they were carried out by the connecting carrier, and in this connection the trial court charged the jury as follows: "Gentlemen of the jury, you are instructed that it was the duty of the Texas & Pacific Railway Company to deliver plaintiff's cattle to the Missouri,

Kansas & Texas Railway Company of Texas at North Fort Worth, Texas," and refused the Texas & Pacific Railway Company's requested charge to the effect that if the jury found from the evidence that the defendant Missouri, Kansas & Texas Railway Company of Texas assumed control of appellee's cattle at Fort Worth Stock Yards, then the Texas & Pacific Railway Company would not be liable for any delays occurring after the Missouri, Kansas & Texas Railway Company of Texas had assumed control of the cattle. The charge given, in view of the evidence in the record, is such as to indicate that the court was of the opinion that the delivery by the Texas & Pacific Railway Company should have been made at yards in North Fort Worth, which are shown to be some two or three miles from the Fort Worth Stock Yards, at which latter place the Texas & Pacific contends actual delivery was made to its connecting carrier. This charge, therefore, was on the weight of the evidence, inasmuch as it took from the jury the right to determine the question of where the Texas & Pacific Railway Company should have made delivery to the Missouri, Kansas & Texas Railway Company of Texas. The special charge could with propriety have been given, for, as stated by us in Texas & Pac. Ry. Co. v. Scoggin & Brown, 14 Texas Ct. Rep., 297, if the Missouri, Kansas & Texas Railway Company of Texas assumed control of appellee's cattle at Fort Worth Stock Yards, and agreed to ship them out from that place, then such necessarily would operate as a delivery to it by the Texas & Pacific Railway Company.

The court's charge on the measure of damages is open to the same objection as that in the case of the Missouri, Kansas & Texas Railway Company of Texas et al. v. Williams & Scroggin, this day decided by us.

The court also erred in giving the following special charge requested by the Texas & Pacific Railway Company: "If you find from the evidence that any of plaintiff's cattle in either or both shipments were injured en route to market, but are unable to determine from the evidence which, if either of the carriers caused such injuries, then you are charged that under the law the last carrier handling said cattle is liable for such injuries, if any." This charge, under a similar state of evidence, was condemned by us in the case of the Texas & Pacific Railway Company v. Scoggin & Brown, *supra*. That case had not been decided, however, at the time the present case was tried.

We think appellee's pleadings were sufficient, certainly in the absence of a special exception, to admit proof concerning a decline in the market from Tuesday, December 13, to Friday, December 16, on which latter day the shipment of calves was sold.

The question of excessiveness of the verdict can hardly present itself on another trial as it is presented in this, and therefore need not be discussed.

For the errors indicated, the judgment is reversed and the cause remanded.

*Reversed and remanded.*